PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ALEXANDER PIERCE, | ) | |
| | ) | CASE NO. 4:13cv2625 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** [Regarding ECF No. 1] |

 

*Pro se* Plaintiff Thomas Alexander Pierce filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2679(d)(1), against the United States and FCI Elkton Corrections Officer W. M. Mason.  In the Complaint, Plaintiff alleges he was ordered to provide a urine sample for drug testing and was refused additional drinking water to aid in collecting the sample.  He claims this action was in contradiction to 28 C.F.R. § 550.31(a).  He seeks monetary relief.

## I.  Background

Plaintiff alleges that shortly after midnight on March 14, 2012, Corrections Officer Mason selected him for drug testing.  ECF No. 1 at 2.  Mason informed Plaintiff that he had two hours to provide the prison staff with a urine sample or else he would be placed in the Special Housing Unit ("SHU").  ECF No. 1 at 2.  Plaintiff states he could not produce a urine sample at that time due to the dehydrating effects of his medication for high blood pressure.  ECF No. 1 at 2.  He claims he asked Mason for some drinking water but Mason refused his request.  ECF No. 1 at 2.  As a result of his failure to produce a urine sample, Plaintiff was placed in the SHU and was issued a conduct

(4:13cv2625)

report for refusing to take part in drug testing.  ECF No. 1 at 3.

Plaintiff received a hearing on the conduct charge and was found guilty of the violation.  ECF No. 1 at 3.  He was sanctioned to 150 days in administrative segregation, forfeiture of 27 days of good time credits, and a $200 fine.  ECF No. 1 at 3.

In his Complaint, Plaintiff asserts that Officer Mason did not comply with 28 C.F.R. § 550.31(a), which states in part:

> To assist the inmate in giving the sample, staff shall offer the inmate eight ounces of water at the beginning of the two-hour time period. An inmate is presumed to be unwilling if the inmate fails to provide a urine sample within the allotted time period. An inmate may rebut this presumption during the disciplinary process.

Plaintiff contends that Mason was wrong in not offering drinking water to help him urinate within the time period allotted.  ECF No. 1 at 3.  He states that if he had been offered water, he would have provided the sample and would not have been placed in segregation.  ECF No. 1 at 3.  He claims that while he was in segregation, he was unable to work at his prison job and lost approximately $69 per month for twelve months for a total of $700.91.[1]  ECF No. 1 at 3.  He claims he is entitled to relief under the Federal Tort Claims Act.  ECF No. 1 at 3.

Plaintiff attaches the response he received from the Federal Bureau of Prisons to his Administrative Tort Claim.  ECF No. 1 at 6.  Plaintiff indicates in his Complaint that he submitted the administrative claim to the Bureau of Prisons on October 10, 2012.  ECF No. 1 at 1.  The agency

---

[1]     Although Plaintiff states he was unable to work for a year due to his time in segregation, he was only in the segregation unit for 150 days.  His *in forma pauperis* application shows that Plaintiff was earning $5.25 per month in October 2012 until May 2013 when his pay increased to $69 per month.  *See* ECF No. 2-1 at 2-5.

2

(4:13cv2625)

stated it received the claim from Plaintiff on March 8, 2013.  ECF No. 1 at 6.  It denied the claim on

May 20, 2013 because Plaintiff did not allege an actionable injury under the FTCA.  ECF No. 1 at

6.  Plaintiff submitted this action to the United States District Court for the District of Columbia on

October 25, 2013.  The District of Columbia transferred the case to the instant Court on November

26, 2013.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S.

319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of

Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a

defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly

does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the

allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v.

Hernandez*, 504 U.S. 25, 33 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted,

the court must construe the complaint in the light most favorable to the plaintiff, accept all factual

allegations as true, and determine whether the complaint contains "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The

plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions,

3

(4:13cv2625)

and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citations omitted).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.  Law and Analysis

As an initial matter, Plaintiff cannot bring claims against Officer Mason under the Federal Tort Claims Act ("FTCA").  The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment.  28 U.S.C. § 2679(b)(1); *Minneci v. Pollard*, 132 S.Ct. 617, 623 (2012).  When a federal employee acts within the scope of his employment and commits a tort, any relief for that tort must be sought against the Government under the FTCA.  *Id.*; 28 U.S.C. §§ 2671-2680.  The United States stands in the shoes of its employees whose "negligent or wrongful act[s]" in the course of their federal employment cause an injury and effectively shields them from liability for common law torts.  28 U.S.C. § 2679(b)(1);

4

(4:13cv2625)

*Sullivan v. Shimp*, 324 F.3d 397, 399 (6th Cir. 2003).  This immunity under the Westfall Act applies even when a FTCA exception precludes recovery against the United States.  *United States v. Smith*, 499 U.S. 160, 166 (1991).

Whether a federal employee acts within the scope of his employment is determined by applying the law of the state in which the alleged tort took place, in this case Ohio.  *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002).  Under Ohio law, an employee acts within the scope of his employment "when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it." *Sullivan*, 324 F.3d at 399.  In the instant case, Officer Mason was administering a drug test to a prisoner in accordance with federal regulations.  He arguably carried out this responsibility during his assigned shift at the prison.  Accordingly, Mason was acting within the scope of his employment when he committed the acts which Plaintiff now challenges, and Plaintiff cannot pursue a tort action against Mason.  Instead, his sole remedy lies, if at all, against the United States under the FTCA. Plaintiff's claim against Mason is, therefore, dismissed.

Plaintiff also fails to state a claim against the United States under the FTCA.  The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity and consents to suit.  *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Congress defines the exact terms and conditions upon which the government may be sued, and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States.  *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Honda v. Clark*, 386 U.S. 484, 501 (1967).

5

(4:13cv2625)

The FTCA waives sovereign immunity for certain tort actions by giving district courts exclusive jurisdiction over those types of civil actions. *See* 28 U.S.C. § 1346. Under the FTCA, the government may be liable

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ... if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). The exceptions include any claim based on an act or omission of an employee of the Government, "exercising due care, in the execution of a statute or regulation," and "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(a),(h). The FTCA "neither creates causes of action against the United States nor provides a means of enforcing federal statutory duties." *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). Moreover, although the United States may be liable "in the same manner and to the same extent as a private individual under like circumstances," it is not liable for punitive damages. 28 U.S.C. § 2674.

To analyze claims under the FTCA, the Court must first apply state law to determine liability and assess damages. *Premo*, 599 F.3d at 545. Claims under the FTCA require Plaintiff to show some relationship between the governmental employee (Officer Mason) and Plaintiff to which state law would attach a duty of care in purely private circumstances. *Myers v. U.S.*, 17 F.3d 890, 899 (6th

6

(4:13cv2625)

Cir. 1994).  In this case, Plaintiff does not assert that Mason was negligent or that he committed a

substantially similar tort defined by Ohio law.  Instead, he asserts that Mason did not comply with

federal regulations by refusing to provide him with eight ounces of water at the start of the two-hour

window to complete the urine test.  A federal employee's failure to follow a federal regulation, in

itself, does not create state tort liability.  *Premo,* 599 F.3d at 544.  The United States did not waive

immunity for such suits.  In fact, such  suits are specifically excepted from the FTCA.  *See* 28 U.S.C.

§ 2680(a).  Accordingly, pursuant to 28 U.S.C. §1915(e), Plaintiff's claim is dismissed.

## IV.  Conclusion

For the aforementioned reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.


IT IS SO ORDERED.


 May 9, 2014                                    */s/Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                United States District Judge